UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**JUN - 5 2009**

Clerk, U.S. District and
Bankruptcy Courts

TIRA MISU, )
)
      Plaintiff, )
)
v. ) Civil Action No. **09 1048**
)
DEPARTMENT OF JUSTICE, *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

It appears that plaintiff's tort and constitutional claims against the defendants, two judges of the United States District Court for the Eastern District of New York, arise from orders issued in civil actions she has brought in that court.[1] She demands "[$] 40,000,000.00 PUNITIVE DAMAGES DEFAMATION, SLANDER, OBSTRUCTION OF JUSTICE, LOSS OF TIME ENCARCERATED [sic], LOSS OF 8 CHILDREN ADOPTED THROUGH WORLD VISION ET AL." Compl. at 1-2 (capital letters in original).

Judges enjoy absolute immunity from liability for damages for acts committed within their judicial jurisdiction. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Insofar as plaintiff seeks to recover damages by means of a civil rights action under 42 U.S.C. § 1983 for time she was

---

[1] Although plaintiff names the Department of Justice and the State of New York as defendants, the complaint contains no factual allegations pertaining to these entities. These entities will be dismissed as party defendants.

incarcerated, her claim must fail because she has not shown that her confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table).

The Court will dismiss the complaint in its entirety because it fails to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion is issued separately.

/s/ Rosemary M. Collyer
United States District Judge

Date: 29 May 2009